UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD RAYMOND KEY                                          CIVIL ACTION

VERSUS                                                      NO. 15-3-SDD-RLB

CAROLYN COLVIN,
ACTING COMMISSIONER
OF THE SOCIAL SECURITY
ADMINISTRATION

**NOTICE**

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 23, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD RAYMOND KEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3-SDD-RLB** |
| **CAROLYN COLVIN,**<br>**ACTING COMMISSIONER**<br>**OF THE SOCIAL SECURITY**<br>**ADMINISTRATION** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure alleging that the Court lacks subject matter jurisdiction over Plaintiff's social security appeal. (R. Doc. 5). Plaintiff filed an Opposition in response to the Motion. (R. Doc. 8). For the reasons given below, the Court recommends that Defendant's Motion to Dismiss be granted.

**I.    BACKGROUND**

In this action, Plaintiff seeks judicial review of the Commissioner of the Social Security Administration's denial of his claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. (R. Doc. 1). To be eligible for Disability Insurance Benefits, a claimant must meet the insured status requirements based on their earnings record. If not, benefits are unavailable regardless of the extent of any disability. 42 U.S.C. § 423(c)(1) (defining insured status and listing requirements); 20 C.F.R. § 404.130 ("How we determine disability insured status."); 20 C.F.R. § 404.101(a) ("If you are neither fully nor currently insured, no benefits are

payable based on your earnings."). Here, Plaintiff last met the insured status requirements on March 31, 2009. Between June 29, 2009 and December 4, 2013, Plaintiff filed five separate and unsuccessful DIB applications, in which he failed to establish a disability prior to his date last insured—March 31, 2009.

Plaintiff filed his first DIB application on June 29, 2009 alleging that he became disabled on December 4, 2008. (R. Doc. 5-2 at 10-11). Plaintiff's first application was denied at the initial level on August 21, 2009. (R. Doc. 5-2 at 6-9). On November 23, 2010, an Administrative Law Judge (ALJ) also denied Plaintiff's first application finding that he was not disabled under Title II of "the Social Security Act through March 31, 2009, the last date insured." (R. Doc. 5-2 at 14-23). Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on March 21, 2012. (R. Doc. 5-2 at 27-31). Plaintiff did not seek judicial review of the ALJ's November 23, 2010 decision denying his first application.

Following the denial of his first application, Plaintiff filed a second, third and fourth application for Disability Insurance Benefits. (R. Doc. 5-2 at 37-40, 57-58, 81-84). Each of these subsequent applications, which concerned the same time period already considered in Plaintiff's first DIB application, were denied at the initial level. (R. Doc. 32-34, 54-56, 78-80).[1] Because these subsequent applications covered the same time period as Plaintiff's first application, they were treated as both requests to reopen the first application, as well as new applications for DIB benefits. The Commissioner relied on res judicata to deny Plaintiff's subsequent applications at the initial level, as they "concern[ed] the same issues which were decided when [Plaintiff's first] claim was denied" on November 23, 2010. (R. Doc. 5-2 at 54-56, 78-80). The Commissioner

---

[1] In his second application, Plaintiff incorrectly indicated that he had not filed any "previous application[s]" for benefits. (R. Doc. 5-2 at 37). Plaintiff's second application was denied at the initial level on May 4, 2012 because he did not complete a disability report or provide any supporting information, medical or otherwise, as he was instructed. (R. Doc. 5-2 at 32-34). In other words, the Commissioner had no evidence to consider regarding Plaintiff's claim.

additionally refused to reopen Plaintiff's first application because it did "not have any information which would cause [it] to change [its] earlier decision." (R. Doc. 5-2 at 54-56, 78-80). Plaintiff did not administratively appeal the denial of his second or third applications. Plaintiff untimely requested reconsideration of his fourth application (R. Doc. 5-2 at 64-65, 68-71); and that request was denied on December 14, 2013, less than 2 weeks after it was filed. (R. Doc. 5-2 at 59-61).

On December 4, 2013, Plaintiff filed his fifth application for Disability Insurance Benefits alleging that he became disabled on August 15, 2008, which is prior to his date last insured. (R. Doc. 5-2 at 62-63). According to the parties, Plaintiff's fifth application was initially denied on December 14, 2013. (R. Doc. 5-2 at 4); (R. Doc. 8-1 at 1). On January 8, 2014, Plaintiff filed a written request for a hearing before an ALJ and submitted additional evidence in support of his fifth application. (R. Doc. 5-2 at 97-98). A hearing was never held, however, as the ALJ dismissed Plaintiff's request on January 31, 2014. (R. Doc. 5-2 at 92-96).

In his Order of Dismissal, the ALJ echoed the denials of Plaintiff's preceding applications. First, the ALJ found the November 23, 2010 denial of Plaintiff's first DIB application was administratively final. Moreover, it would remain final because none of the conditions in 20 C.F.R. § 404.988 for reopening had been met. (R. Doc. 5-2 at 95). Second, Plaintiff's fifth application concerned his "rights on the same facts and . . . issues" already considered in the denial of Plaintiff's first application, as Plaintiff did not present any "new and material" evidence concerning those "facts and issues [previously] ruled upon." (R. Doc. 5-2 at 95-96). Because the denial of Plaintiff's first application was administratively final and his fifth application presented the same facts and issues, the doctrine of res judicata barred Plaintiff's fifth application for Disability Insurance Benefits.

Plaintiff then sought review of the ALJ's dismissal before the Appeals Council. On November 7, 2014, the Appeals Council "found no reason . . . to review the Administrative Law Judge's dismissal" and therefor denied Plaintiff's request. (R. Doc. 5-2 at 99-101). In its Notice to Plaintiff, the Appeals Council reiterated that the November 23, 2010 denial of Plaintiff's first application was administratively final. "Therefore, because [Plaintiff's] current application concerned the same facts and issues as the prior determination and contained no new and material evidence, [Plaintiff's] request for hearing was properly dismissed on the basis of *res judicata*." (R. Doc. 5-2 at 100).

Following the denial of his fifth application, Plaintiff filed his social security appeal seeking judicial review of the Commissioner's disposition of his fifth application. (R. Doc. 1). On June 1, 2015, Defendant filed the instant Motion to Dismiss Plaintiff's cause of action under Rule 12(b)(1) for lack of subject matter jurisdiction. (R. Doc. 5). Having considered the parties arguments and the documents found in the record, the Court recommends dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## II. DISCUSSION

The Social Security Act "limits judicial review to a particular type" of agency action — "'final decision[s] of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (quoting 42 U.S.C. § 405(g)). A refusal to reopen a previously adjudicated claim or a dismissal of a new claim based on res judicata, however, are not considered a "final decision" within the meaning of the Act. *Califano*, 430 U.S. at 108 (a refusal to reopen a previously adjudicated claim is not a final decision and therefore not subject to judicial review); *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986) (dismissal of a new claim based on res judicata is not a final decision subject to judicial review). Therefore, the Court generally lacks subject

matter jurisdiction to review those claims. *Hensley v. Califano*, 601 F.2d 216, 216 (5th Cir. 1979) ("refusals to reopen and determinations that a claim is res judicata are not reviewable" by federal courts).  Nonetheless, the Court does have jurisdiction over constitutional challenges to an otherwise non-reviewable decision. *Califano*, 430 U.S. at 108-09.  Moreover, there is no bar to judicial review where the Commissioner actually reopens a previously adjudicated claim. *Powell v. Shalala*, 41 F.3d 663, at *1-2 (5th Cir. 1994) ("Because Powell has not made a constitutional claim for reopening the case, . . . jurisdiction in the district court did not exist unless the case was actually reopened by the administration.").

Here, Plaintiff filed a fifth application for Disability Insurance Benefits on December 4, 2013.  The Commissioner treated this application as both a motion to reopen Plaintiff's first application, as well as a new application for benefits.  Ultimately, the Commissioner refused to reopen Plaintiff's first application and rejected his fifth application on the basis of res judicata.  Because neither determination constitutes a "final decision," and Plaintiff has otherwise failed to raise any "colorable constitutional claim," Defendant suggests that the Court lacks subject matter jurisdiction. (R. Doc. 5-1 at 4-5).

In response, Plaintiff argues that the "doctrine of res judicata is not applicable to the circumstances of the instant case" for two reasons.  First, Plaintiff contends that his fifth application "was not a restatement of the facts and circumstances" in the first application because it was based on "new and material evidence." (R. Doc. 8-1 at 5).  According to Plaintiff, the ALJ's failure to "review, discuss or analyze the 'new'" evidence deprived him of the "opportunity to have the evidence thoroughly reviewed and discussed." (R. Doc. 5-1 at 5).  Plaintiff additionally argues that res judicata is inapplicable because the "Appeals Council

enabled a de facto reopening" of his first application "by reviewing the [new] evidence submitted" and "consider[ing] Claimant's arguments." (R. Doc. 8-1 at 2, 5).

To the extent Plaintiff's first argument challenges the Commissioner's rejection of new and material evidence in applying the doctrine of res judicata, that challenge must be denied as § 405(g) does not "authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims" or the application of res judicata. *Califano*, 430 U.S. at 107-08 (federal courts do not have jurisdiction to review the denial of a petition to reopen a claim as this would frustrate the congressional purpose of limited judicial review under the Act); *Ellis v. Schweiker*, 662 F.2d 419, 419-20 (5th Cir. 1981) (noting that the Fifth Circuit has applied the rule of *Califano* to cases "in which the secretary denied benefits on grounds of res judicata"); *Hensley*, 601 F.2d 216 ("refusals to reopen and determinations that a claim is res judicata are not reviewable").

To the extent Plaintiff's first argument alleges a constitutional violation, the Court finds this argument insufficient. First, Plaintiff's conclusory assertion that he was deprived of the "opportunity to have the evidence thoroughly reviewed" is insufficient to raise a constitutional claim. *Robertson*, 803 F.2d at 810 ("mere allegation of a denial of due process [cannot] suffice to establish subject-matter jurisdiction"). Second, Plaintiff is incorrect that the Commissioner did not consider or evaluate the new evidence. Instead, the Commissioner provided a concise discussion of why the newly submitted evidence was not material. (R. Doc. 5-2 at 95-96). Specifically, the ALJ clearly explained that the new evidence from Dr. Kumari Moturu "simply rehashes the evidence previously submitted" or is otherwise "relevant to a period subsequent to the claimant's date last insured." (R. Doc. 5-2 at 96). As for Plaintiff's medical records from Dr. Michael Castine, the Appeals Council found that this evidence was not material because Dr. Castine did not begin treating Plaintiff until after his date last insured and his opinion in no way

indicated that it applied to the period before March 31, 2009.  Plaintiff has not offered any additional arguments with respect to this evidence or clearly articulated any constitutional violation with respect to the Commissioner's treatment of this new evidence.  Moreover, the Court notes that the denial of a subsequent application without a hearing on grounds of res judicata is not a denial of due process. *See Riecke v. Barnhart*, 198 F. App'x 454, at 456 (5th Cir. 2006) (denial of subsequent application without a hearing on grounds of res judicata did not violate due process); *Rogerson v. Secretary*, 872 F.2d 24, 29 (3d Cir. 1989) ("application of res judicata without a hearing does not violate [claimant's] right to due process of law").  As such, Plaintiff has failed to raise any constitutional violation that might provide jurisdiction.

      Finally, Plaintiff claims that res judicata is inapplicable to his claim because the Appeals Council constructively reopened his initial application for benefits by considering new medical records from Dr. Michael Castine along with the arguments presented in Plaintiff's brief.  A constructive reopening may occur when the Commissioner reviews a claimant's entire record and renders a new decision on the merits of his or her disability claim. *Atwell v. Commissioner of Soc. Sec.*, 2015 WL 757601, at *4 (M.D. La. Feb. 23, 2015).  Here, the Appeals Council did nothing more than conduct a threshold inquiry of the newly submitted evidence for the limited purpose of determining whether it was material to warrant a reopening of Plaintiff's claim.  "A threshold inquiry," like the one made here, "does not amount to a reopening of a claim for social security benefits." *Powell v. Shalala*, 41 F.3d 663, at *3 (5th Cir. 1994) (Secretary had not reopened Powell's case by making a threshold inquiry into whether Powell's additional medical evidence was material to his claim of disability or merely cumulative."); *Triplett v. Heckler*, 767 F.2d 210, 213 (5th Cir. 1985) (Appeals Council's order explained only that it "examined the new doctor's report long enough to determine that it added nothing to the medical information already

of record. Such a threshold inquiry cannot amount to reopening a case."); *Scott v. Astrue*, 239 F. App'x 43, 44 (5th Cir. 2007) (adding claimant's newly submitted evidence to the administrative record when denying claimant's request for review did not constructively reopen claimant's application). Because Plaintiff's claim was not constructively reopened by the Appeals Council, the Court lacks subject matter jurisdiction over Plaintiff's social security appeal.

### III.  CONCLUSION

For the reasons discussed above, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** and Plaintiff's social security appeal be **DISMISSED with prejudice** for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on September 23, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**